UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. #1:14

Lisa A. Jacobs
  Plaintiff

    Vs.

Town of Weston, Kopelman and Paige P.C.,
Marian Ryan, Martha Coakley,
Commonwealth of MA, etc. et. al.

  Defendants

**COMPLAINT FOR INJUNCTION**

This is a complaint to retrain violation of first amendment rights during and outside of public

meeting. PARTIES:

1.    Lisa Jacobs is a resident at 20 Colchester Rd. Weston MA 02493.

2.    Defendant Town of Weston is a town organized under the laws of MA.

3.    Kopelman and Paige P.C. are the general council for the town of Weston.

4.    Marian Ryan is a resident at 8 Bradford Rd. Belmont MA 02478.

5.    Martha Coakley is a resident at 46 Coolidge Rd. Medford MA 02155.

6.    Commonwealth of MA is a state at 1 Ashburton Place Boston MA 02108.

    JURISDICTION & VENUE:

7.    This action arises under 42 U.S.C. s1983 which permits Jacobs to institute an

    action for deprivation of rights, privileges, and or immunities secured by the

    Constitution and laws of the United States when such deprivation occurs under

    color of any state, ordinance, regulation, custom or usage.

8.      Because of thenature of this action, this court has subject matter jurisdiction of

        the action under 28 U.S.C. s1343 which places original jurisdiction in the federal

        district court for civil actions commenced by any person to redress the

        deprivation of such rights.

9.      Venue in this court is proper as Jacobs is a resident of Weston MA who has

        been deprived her rights in the town of Weston MA for which the District Court

        of Boston is the proper venue. FACTUAL ALLEGATIONS COMMON TO

        ALL COUNTS:

10.     Plaintiff is an individual who is a 48 year old year legally registered resident of

        the town of Weston who resides at 20 Colchester Rd. Weston MA 02493.

11.     Plaintiff has standing to institute this action pursuant to the laws of the state of

        MA which provides that she may sue on behalf of herself.

12.     Plaintiff has standing to institute this action pursuant to 42 U.S.C.s1983.

13.     Donna VanderClock is Town Manager with residence: 11 Town House Rd.

        Weston.

14.     Ed Coburn who is the Chair of Selectmen has a residence at 25 Old Rd. Weston.

15.     Doug Gillespie Selectman has residence at: 751 Boston Post Rd. Weston MA.

16.     Mike Harrington Selectman has residence at 695 Boston Post Rd. Weston MA.

17.     Eric Josephson is Assessor with residence at: 11 Town House Rd. Weston MA.

18.     Gary Koger is the Chair of the Board of Assessors with a residence of: 26 Pond

        Brook Cir Weston MA 02493.

19. Paul Zorfass is a member of the Board of Assessors with a residence of: 24

Dickson Lane Unit 24 Weston MA 02493.

20. Phyllis Kominz is a member of the Board of Assessors with a residence of: 236

Glen Rd.Weston MA 02493.

21. Allan Orth is a member of the Board of Assessors with residence at: 17 Warren

Lane Weston MA 02493.

22. Tamilyn Levin is a member of the Board of Assessors with a

residence of: 80 Sherburn Circle Weston MA 02493.

23. Steve Shaw is the former Police Chief until August 8, 2014 with residence of:

180 Boston Post Rd. Bypass Weston.

24. John Lyons is Lieutenant with residence of: 180 Boston Post Rd. Bypass Weston.

25. Dan Maguire is Lieutenant with residence of: 180 Boston Post rd. Bypass

Weston.

26. Bill Carlo is Detective with residence of 180 Boston Post. Rd. Bypass Weston.

27. Mike Foti is seargent with residence of: 180 Boston Post Rd. Bypass Weston.

28. Ryan Porzio is a police officer with a residence of: 180 Boston Post Rd. Bypass

Weston.

29. Jeff Boehner is a seargent with residence of: 180 Boston Post Rd. Bypass

Weston.

3

30.     Deborah Davenport is town clerk with residence of 11 Town House Rd. Weston.

31.     Kopelman and Paige P.C. is Weston town counsel at: 101 Arch St. Boston MA.

32.     Jacqueline Cowin, Esq. is Weston town counsel at 101 Arch St. Boston MA.

33.     David Jenkins Esq. is Weston town counsel at 101 Arch St. Boston MA.

34.     Lauren Goldburg Esq. is Weston town counsel at 101 Arch St. Boston MA.

35.     Marian Ryan is the Middlessex District Attorney.

36.     Jeffrey Bourgeois is the former supervisor of the Middlessex District Attorney

        Waltham District Court office until July 15, 2014.

37.     Caitlyn Gemmill is an Assistant District Attorney at the Middlessex District

        Attorney Office at the Waltham District Court.

38.     John Doe is yet to be named defendant.

39.     Greg Flynn is a resident at 28 Brooks Rd. Weston MA 02493 who is the First

        Justice of the Waltham District Court.

40.     John Field is the Building Inspector and Zoning Enforcment Officer for the Town of

        Weston who is a resident at: 11 Town House Rd. Weston MA 02493.

41.     Michele Grzenda is the Town of Weston Conservation Commission

        Administrator for the Conservation Commission Board at the Weston Town Hall.

42.     Noreen Stockman is the Staff Assistant for the Weston Zoning Board of Appeals.

43.     Jane Fisher Carlson Esq. is the Chair of the town of Weston Board of Zoning Board of

        Appeals a partner at Gilmore, Rees & Carlson P.C. 70 Walnut St. Wellesley MA 02481

        and also a resident at 89 Byron Rd. Weston MA 02493.

44.     Winifred I. Li Esq. is a member of the Town of Weston Zoning Board of Appeals who is

4

an attorney at Ropes & Gray LLP 800 Boylston St. Boston MA 02199 and also resides at her Weston residence of 11 Town House Rd. Weston MA 02493.

45.     Connie K. Gutierrez Esq. is a member of the Town of Weston Zoning Board of Appeals and has a Law Office of Connie K. Gutierrez Esq. and personal residence: 8 Claridge Dr. Weston MA 02493.

46.     Steven Garfinkel Esq. is a member of the zoning board of appeals for the Town of Weston and has a Law office of Steven Garfinkel Esq. and personal residence: 465 Glen Rd. Weston MA 02493.

47.     Alan D. Rose, Esq. is a member of the zoning board of appeals for the Town of Weston and has a law office at Rose, Chintz & Rose One Beacon St. 23rd Floor Boston MA 02108 and personal residence 692 Boston Post Rd..

48.     Alfred Aydelott is the Chair of the Town of Weston Planning Board and has a residence at 251 Boston Post Rd. Weston MA 02493.

49.     Roy Chatabash is a member of the town of Weston Planning Board and has a residence at 9 Jones Rd. Weston MA 02493.

50.     David Mendelsohn is a member of the town of Weston Planning Board and has a residence of 33 Spruce Hill Rd. Weston MA 02493.

51.     Susan Zacharias is a member of the town of Weston Planning Board and has a residence of 77 Sudbury Rd. Weston MA 02493.

52.     Stephen Oppeinheimer is a member of the town of Weston Planning Board and has a residence of 11 Town Hall Rd. Weston MA 02493.

53.     Wendy Diotalevi RS is the Director of the Town of Weston Board of Health Dept.

        Weston Town Hall Town House Rd. PO Box 378 Weston MA 02493.

54.     Elizabeth Ware is the Town Planner at 11 Town House Rd. Weston.

55.     Charles and Allison Abrams are married residenats at 16 Beech Rd. Weston MA

        02493.

56.     The Abrams are applicants for an over-sized building project at 33 Colchester

        Rd. who received special treatment from the town of Weston and who were

        not required to go have a site walk, go before the Planning Board or the Zoning

        Board of Appeals despite having an application that is required to be heard

        before the Zoning Board of Appeals.

57.     Regina Krumholz is an Assistant District Middlessex County Attorney who is the

        present supervisor at the Waltham District Court.

58.     John Dawley Jr. is an Assistant District Middlessex County Attorney at the

        Middlessex District Attorney Waltham District Court.

59.     In Arthur Gorrassi vs. Town of Weston, Martha Coakley, Thomas O'Reilly,

        Commonwealth of MA, etc. et. al. civil action 03-11481, this very court made

        those defendants who included individual police officers pay out a multi-million

        dollar settlement for the wrongful arrest imprisonment for 4 years of Gorrassi.

60.     Martha Coakley has refused to prosecute Tamilyn Levin and also Salvatore DiMasi who

        was found guilty on 7 of 9 federal corruption charges on June 15, 2011.

6

61.     Martha Coakley and Marian Ryan Esq. refuse to do their fair share of criminal
        prosecutions and have shifted the burden of doing so of victim Jacobs to the
        FBI.

62.     On or about September 2013 the Woburn Police contacted the Boston FBI to
        prosecute public corruption, and other crimes in the Middlessex Superior Court
        whereby Ryan and Coakley prevented an Assistant District Attorney who was
        interested in doing so.

63.     On or about September 2013 the FBI referred the issues of Lisa Jacobs victim in
        the Middlessex Superior Court house to Carmen Ortiz Esq. for consideration for
        prosecution

64.     On Oct. 16, 2013 during a public meeting of the Board of Assessors at the
        Weston Town Hall in Weston, member of the board of assessor Gary Koger
        complained that the Board of Assessors does not have time to listen to
        anything she has to say.

65.     On Oct. 16, 2013 during a public meeting of the Board of Assessors at the
        Weston Town Hall board of assessor member Allan Orth complained that
        anything the plaintiff states is irrelevant as she is not a member of the Board of
        Assessors so not to talk because she does not get to vote.

66.     On Nov. 10, 2013 Pat Siek warned Jacobs that on Nov. 13 at the public meeting
        the selectmen were going to scream, interrupt, harass, belittle, and slaughter
        Jacobs given that she is a female and to be prepared psychologically not to be
        allowed to talk and to be slaughtered publically as there is a precedent of the

7

past 51 years of women not being allowed to talk, being interrupted, being harassed and being put down at public meetings in the town of Weston.

67.    On Nov. 13, 2013 the MA State Board of Ethics determined that plaintiff was right that the town of Weston public officials acted unethically and violated the MA state ethics laws including on but not limited to on 10/16/2013.

68.    On Nov. 13, 2013, Coburn, Gillespie, and Harrington interrupted, harassed, belittled, and slaughtered Jacobs publically humiliating her who residents in the town considered that she should be the selectman over Coburn, Gillespie, and Harrington and put forth that she was more sophisticated and better educated than anyone of them.

69.    On Nov. 13, 2013 at a public meeting of the Board of Selectmen at the Town of Weston town hall, selectman Doug Gillespie ordered the plaintiff to don't talk, I'm not interested in hearing anything you have to say, and I don't want to hear anything you have to say just go do what you have to do and sue the Town of Weston.

70.    On Nov. 13, 2013 during a public meeting of the Board of Selectman Ed Coburn screamed at the plaintiff that she is not recognized, to shut up or else he threatened for the police to be called to have her physically removed.

71.    On Nov. 14, 2013 and on Dec. 5, 2014 the Board of Bar Overseers demanded affidavits from plaintiff against Tamilyn Levin Esq. Board of Assessor member given that Levin ruled into be investiged and disciplined with Jacobs being identified as the star witness against her.

72.    On Nov. 18 2013 Jacobs gave a document only case to the Weston Police for a
       violation of M.G.L. c. 56 s. 8.a g a i ᵤ s t Tamilyn Levin.

73.    On Nov. 19, 2013 Adam Lavertue Supervisor of the Weston Post Office and Lisa
       Jacobs tried to file a police report regarding a witnessed dog attack of Jacobs
       inside the Weston post office and Ryan Porzio and Mike Forti refuse to take a
       police report, and refuse to investigate Jacobs being attacked by a dog as
       Jacobs is suing the Town of Weston for discrimination and retaliation so that
       she is being provided no services whatsoever.

74.    On Nov. 19, 2013 Adam Lavertue saw police officer Ryan Porzio talk to Jacobs
       alone in the parking lot of the federal post office during which time Porzio did
       witness intimidation of Jacobs a witness for the Commonwealth of MA, for
       Martha Coakley, for Marian Ryan, for a violation of M.G.L. c. 56 s. 8 and for the
       MA Board of Bar Overseers, the MA Board of Real Estate Brokers and
       Salespersons and the MA Dept. of Children and Familyn Services against
       Tamilyn Levin Esq. and others.

75.    On Nov. 19, 2013 Porzio did witness intimidation of Jacobs.

76.    On Nov. 19, 2013 in the parking lot, Porzio ordered Jacobs repeatedly to shut
       up, to not testify against Levin, to not testify against any Weston public officials,
       to stop making the Town of Weston public officials look badly, that when the
       public officials look badly, then the town of Weston looks badly, that the town
       of Weston can not look badly, that she was a truthful reporter of Tamilyn Levin
       doing a violation of M.G.L. c. 56 s. 8, that Levin is not being investigated, that

9

Levin is not being prosecuted, that the Weston Police are not allowed to investigate Weston public officials, that the Weston Police are not allowed to prosecute Weston public officials, not to sue him as an individual, that there is public corruption, that he is trying to stay separate from the public corruption, that the town of Weston is publically corrupt, that she is being prosecuted for crimes that she did not commit in order to use the criminal charges as leverage to try to get her to settle her lawsuits against the town, that in particular the town of Weston and town counsel have ordered

77. On or about Nov. 19, 2013 Jacobs complained to Lavertue about Porzio's interactions with her in the parking lot and Lavertue complains back that he saw Porzio in action in the parking lot with her.

78. On or about Dec. 2, 2013 Donn VanderClock threatened Jacobs that VanderClock is going after Jacobs personally, that she is going to do more malicious criminal prosecutions of Jacobs like Tamilyn Levin did so, that Jacobs is getting no town services as Jacobs is suing the town, that she is going to issue a no trespass order to Jacobs so as to prohibit Jacobs from being able to exercise her first amendment right at public meetings, take away Jacobs' right to vote in the town election, to apply for election to office, and Jacobs' civil and constitutional rights including abutter rights.

79. On Dec. 2 2013 Marian Ryan's office orders for Tamilyn Levin to be prosecuted for a M.G.L. c. 56 s. 8, identifies and orders for Jacobs to testify against Levin.

10

80.     On Dec. 3, 2013 Pam Hammond Manager of the Waltham District Court
        Middlessex District Attorney Office orders for William Carlo to apply for a
        criminal charge of a violation of the M.G.L. c. 56 s. 8 against the Weston public
        official Tamilyn Levin Esq..

81.     On Dec. 3, 2013 Carlo is insurbordinate to Marian Ryan and engages in physical
        touching of Tamilyn Levin for about 2 hours.

82.     On Dec. 3, 2013 Joe Mahaney Esq. and Robert Picariello complain that Carlo
        and Levin engaged in disgusting inappropriate touching in the court house.

83.     On Dec. 3, 2013 Anthony Leven court house security officer identifies Tamilyn
        Leivn as being after Jacobs and the Commonwealth of MA reprimanded him for
        trying to protect Jacobs.

84.     On Dec. 3, 2013 Jacobs has her attorney Joe Mahaney Esq. swear Tamilyn Levin
        Esq. who testifies under oath that she did a violation of M.G.L. c. 56 s. 8.

85.     On or about Dec. 17, 2013, William Carlos did witness intimidation of the
        plaintiff at the Waltham District Court House whereby he told her not to file
        police reports, not to file complaints at state regulatlory agencies, and not ot
        testify against Tamilyn Levin Esq. at the MA Board of Bar Overseers and that if
        she does then she wil be charged with additional crimes that she did not
        commit.

86.     On Dec. 27, 2013, Jan. 27 and 29, 2014 Jacobs asked the Town of Sudbury for
        freedom of information requests regarding Tamilyn Levin.

87.      On Jan. 10, 2014, Jacobs learned from the Sudbury Police that Tamilyn Levin is

severely mentally ill, has a history of involvement with social services, is

dangerous, has a history of being violent and doing physical assaults, has a

history of filing false police reports and affidavits with false misleading

statements and that the Sudbury Police have very bad records that are able to

be used in courts of law in order to impeach and impugn Levin's credibility and

character.

88.      On or about Jan. 28, 2014 a Sudbury employee notified Donna VanderClock

Town Manager of Town of Weston that Jacobs had done freedom of

information act requests for damaging records against Tamilyn Levin that would

allow for Levin's character and credibility to be impeached in a court of law.

89.      On or about Jan. 29, 2014 VanderClock contacted Weston Police Chief Steve

Shaw, Lieutenant John Lyons, and court prosecutor William Carlo of the Weston

Police to ask for Jacobs to be intimidated and criminally prosecuted for having

asked for freedom of information requests regarding Levin.

90.      On or about Jan. 29, 2014 William Carlo contacted Jeff Bourgeouis Esq.

Supervisor of the Waltham District Court and asked for Jacobs to be criminally

prosecuted.

91.      On or about Jan. 30, 2014 Jeff Bourgouis Esq. did witness intimidation of Jacobs

ordering for her to back off, not get the records from the town of Sudbury and

that if she did so then she would be charged with more additional crimes that

she did not commit.

92.     On or about Jan. 30, 2014 Jacobs backs off and does not get the records that
        she asked for.

93.     On or about Jan. 30, 2014 Ryan and Bourgeous violated the rules of attorney
        conduct in that they were misusing the criminal system to threaten Jacobs with
        crimes for asserting her civil and constitutional rights.

94.     On March 13, 2014 Town of Weston and Donna VanderClock denied Jacobs her
        right to attend the town caucus, denied her the right to be nominated to be an
        elected public official and threatened to have her arrested if she attended the
        town caucus.

95.     On May 10, 2014 Town of Weston, Deborah Davenport clerk and Donna
        VanderClock manager, deny Jacobs the right to vote in the town election as
        Jacobs is suing the town of Weston for discrimination and retaliation and
        threaten for her to be arrested if she votes in the town of Weston election.

96.     On May 10, 2014 the town of Weston, Davenport, and VanderClock refuse to
        allow Jacobs entry into the town hall in order to be vote in the town election,
        and threaten that if Jacobs does then she will be arrested for trespassing.

97.     On or about June 10, 2014 Marian Ryan Esq. stripped all Waltham District Court
        Assistant District Attorneys of any authority to make any legal decisions with
        regard to Lisa Jacobs, backed off and admitted that she can not prosecute
        Jacobs for filing a false police report because Jacobs truthfully reported that
        Levin did a violation of M.G.L. c. 56 s. 8.

13

98.     On or about June 10, 2013 Greg Flynn declared that Jacobs had not committed any crimes and ordered Gemmill to drop the criminal charges against Jacobs and Gemmill and Ryan refused.

99.     On or about June 10, 2013 Ryan and Gemmill were both checking their legal pleadings by having more than 1 attorney read over their pleadings against Jacobs so as to try to be certain that they were not making any errors to be able to reverse a decision on appeal.

100.    On or about June 10, 2013 Ryan and Gemmill were both really out to get Jacobs and want to get a criminal conviction against Jacobs for a crime that they both know that she did not commit.

101.    On or about June 10, 2013 Ryan and Gemmill intimidated, bullied and harassed Jacobs to talk, to violate her 5th amendment constitutional right to remain silent, and threatened that if she talks, if she files more police reports, if she testifies against Levin at the Board of Bar Overseers, etc. then that Jacobs will be charged with more crimes that she did not commit and to shut up or be charged with more crimes.

102.    On or about June 10, 2014 Jacobs has legitimate grounds to sue Marian Ryan Esq. who has been doing a malicious prosecution of her in that Jacobs was hand selected, chosen and picked especially to be Marian Ryan's witness.

103.    Per the police, Jacobs is under an order to work only with the FBI and to be only the exclusive witness of Carmen Ortiz Esq. and she is not to be used for prosecutions of Marian Ryan Esq. or Martha Coakley Esq..

104.     On or about August 27, 2013 the abutters of 33 Colchester Rd. commandeer
        Jacobs to be the neighborhood leader to try to control the tear down, raising of
        woods, and proposed over sized building project at 33 Colchester Rd. in
        violation of the Town of Weston zoning law whereby the applicants are being
        allowed by the town of Weston to circumvent a hearing at the zoning board of
        appeals in order to limit the house size to no greater than 10% of the size of the
        lot.

105.     On August 27, 2014 and dates thereinafter including on Dec. 15, 2014 Jacobs
        and her mother Marilyn Jacobs asked for her right to be heard before the
        Zoning Board of Appeals and the town of Weston refused to schedule a
        hearing, hold a a hearing, or allow for her to be heard despite recognition that
        she has the right to be heard but explained that the Abrams are receiving
        special treatment from the Town of Weston.

106.     On August 27, 2014 and dates thereinafter including on Dec. 15, 2014 Jacobs
        asked for true copies of the project re: 33 Colchester Rd. and the town of
        Weston refused to provide copies or the Planning Board, Zoning Board of
        Appeals, Building Dept., and Conservation Commission to allow her to inspect
        originals.

107.     Eugene Reznik who is not an attorney but a resident of the town of Weston
        who was a legal abutter to a 155 Beaver Rd. project beat the town of Weston
        and zoning board of appeals so as to set the case law for the state of MA that

building in phases is not allowed so as to have the court order for the town of
Weston to take back a building permit.

108.    Jacobs argued with the Town of Weston that given that she was the leader put

forth by the Colchester Rd. neighborhood as the most sophisticated person on

the road to fight the town of Weston that given her standing in the community

as the neighborhood appointed leader that she have the right to attend on

behalf of herself as a legal abutter as well as the legal rights of other legal

abutters who chose her to be their spokeswoman, who chose not to attend the

scheduled meeting given that she is better than them, and who trusted her to

make the objection on the record for the appeals court that Jacobs be the

blocker on behalf of the neighborhood.

109.    Jacobs fought to attend as the legal abutter of 33 Colchester Rd. and was only

allowed to attend part of the meeting of Sept. 3, 2014 at which time she had

been ordered not to talk, and the town of Weston had a police officer who was

threatening to arrest her in the audience under cover.

110.    On September 3, 2014 Jacqueline Cowin Esq. of Kopelman and Paige contacted

Jacobs, ordered Jacobs not to attend the September 3, 2013 planning board

hearing, ordered Jacobs that Jacobs is not allowed to speak during the Sept. 3,

2013 planning board meeting, and ordered Jacobs that Jacobs is not allowed to

introduce any evidence onto the record for appeal purposes during the Sept. 3,

2014 meeting.

111.    On September 3, 2014 during a public meeting of the Planning Board during a
        hearing for 33 Colchester Rd. the town of Weston parked an undercover police
        car at the Weston Town Hall.

112.    On September 3, 2014 during a public meeting of the Planning Board at the
        town of Weston during a hearing for 33 Colchester Rd. the town of Weston had
        Mike Forti Seargent Detective dressed not in uniform but in a suit undercover
        doing witness and intimidation of Jacobs whereby this meeting was held at
        10:30 PM so as to deter Jacobs from attending.

113.    On Sept. 3, 2014 at the town of Weston Town Hall Forti intimidated Jacobs
        from speaking.

114.    On Sept. 3, 2014 during the Planning Board meeting Jacobs put on the record a
        written objection to the project at 33 Colchester Rd. asserting the claim of the
        harm of overcrowding of her, of Marilyn Jacobs her mother, and of other legal
        abutters to establish her right at the Middlessex Superior Court, the MA Court
        of Appeals and the Supreme Judicial Court.

115.    Jacobs spoke on behalf of her legal interests and that of other abutters who
        had authorized her to speak on their behalves and file their objections on
        record also at 21 Colchester Rd., 27 Colchester Rd., and 51 Colchester Rd. who
        trusted Jacobs to put their objections on the record for them as the
        spokeswoman.

116.    On Sept. 8, 2014 Scott Schluter MD who is the owner of 57 Colchester Rd. and a
        legal abutter to 33 Colchester Rd. signed an affidavit against the over sized

17

building project at 33 Colchester Rd. and endorsed Lisa Jacobs MD MPH and

Real Estate Broker as the most sophisticated spokesperson for the

neighborhood.

117.     On Sept. 23, 2014 Jeff Beohner refuses to take a police report from Jacobs as he

is not allowed to take the information, not allowed to investigate and not

allowed to apply for a criminal charge.

118.     On Oct. 15, 2014 Jacobs filed an application for a private citizen's complaint

against Tamilyn Levin for a violation of M.G.L. c. 56 s. 8.

119.     On Oct. 15, 2014 this complaint was failed to be entered into the computer

system at the Waltham District Court and is missing.

120.     On Oct. 22, 2014 Steve Poitrast Clerk recused himself from considering Jacobs

application against Levin for a violation of M.G.L. c. 56 s. 8.

121.     On Dec. 9, 2014 the 33 Colchester Rd. was torn down.

122.     On Dec. 10, 2014 the town of Weston blocked the issuance of a very bad police

regarding Tamilyn Levin doing a very bad physical assault on Salvatore

Giacalone which is able to be used to impeach her credibility and character in a

court of law.

123.     On Dec. 16, 2014 the trees were cut down at 33 Colchester Rd..

124.     On Dec. 17, 2014 Jacobs filed an injuction against the over-sized building at 33

Colchester Rd..

125.     On December 17, 2014, at the Middlessex Superior Court, Jacobs and an

experienced Middlessex County Assistant District Attorney met at which time

18

he commandeered Jacobs to be his witness, to do an investigation, to provide information to him, and to talk to the Weston Police.

126. On Dec. 17, 2014, Jacobs and the Middlessex District Assistant Attorney entered into an agreement whereby he will prosecute a town of Weston public official.

127. If Jacobs talks to the Weston Police, the Weston Police will not take the report, will not investigate the report, will charge her with additional crimes that she did not commit and are doing witness intimidation of Jacobs who is the witness of an Assistant District Attorney of the Middlessex District Attorney Office of the Middlessex Superior Court.

128. The town of Weston, and each individual employee and members of town of Weston Selectmen, Board of Assessors, Planning Board, Town Counsel, Police, etc. have interfered with and restrained the plaintiff in the exercise of her First Amendment right to express her view to the Boards and to participate in public discussions during Board meetings.

129. The actions of the town of Weston, town of Weston police, town of Weston counsel, Jacqueline Cowin Esq., Kopelman and Paige P.C., the Board of Selectmen, the Board of Assessors, the Planning Board and individual members in denying the plaintiff her right to speak constitute a prior restraint of plaintiff's First Amendment right to free speech.

130. The denial of addressing boards has been unreasonable, arbitrary, discriminatory, and in violation of plainatiff's First and Fourteenth Amendment

rights because during public meetings on Oct. 8, 2013, Oct. 16,2013 Nov. 13, 2014, March 13, 2014, May 10, 2014 Sept. 3 2014 as well as on prior dates other residents and even not residents of the town of Weston were granted to address the Boards, recognized, not ruled out of order, and allowed to make their records for the superior court, the appeals court and the Supreme Judicial Court.

131. The witness intimidation not to address boards is unreasonable

132. The town of Weston and board policies are for recognizing plaintiff's during pubic discussions at the Board meetings.

133. The town of Weston and individual members of boards have deprived the plaintiff her First Amendment constitutional rights and their misconduct constitutes arbitrary, capricious and unreasonable mistreatment of the plaintiff.

134. Unless restrained from doing so, defendants will continue to violate plaintiff's constitutional rights to participate in the public discussions of Board meetings.

135. The conduct of the defendants caused a chilling effect on the exercise of the First Amendment rights of all persons in the Town of Weston.

136. Persons are aware that in response to Jacobs being chosen to be the witness for the Commonwealth of MA, for Martha Coakley, for Marian Ryan Esq. and for the Town of Weston that the Weston town counsel Kopelman and Paige P.C. stopped the Weston Police from applying for a criminal charge against Tamilyn Levin, exceeded the legal authority granted to them, and instead prosecuted Jacobs for crimes that she did not commit.

137.     The conduct of the defendants has caused a chilling effect on the exercise of
         First Amendment rights of all residents of Weston and others and prevents
         important matters of concern to both residents and non residents of Weston
         from being openly discussed before Weston Boards, to the Weston Police, to
         the Middlessex District Attorney, etc.

138.     Residents have lived in fear of making complaints to the Weston Police
         regarding Tamilyn Levin in that they know that if they do then the Weston
         Police brought criminal charges against Jacobs for crimes that she did not
         commit as Town of Weston will not allow for report filing, investigation and or
         prosecution of Town of Weston employees even when Marian Ryan Esq.'s main
         office had ordered for Tamilyn Levin to be criminally prosecuted on Dec. 2,
         2013.

139.     The town of Weston Board of Selectmen has a resident comment section which
         is part of their minutes where residents have the right to post information and
         won't post any information from Jacobs.

140.     On or about Nov. 3, 2013 onwards through Dec. 18, 2014 the plaintiff has asked
         for her lawsuits, her settlement demands, the amount of monies the town of
         Weston is expending in defending suits she has filed against the town of
         Weston to be posted and the Board of Selectmen refuse to post the
         information which is a matter of public record in the District Court of Boston
         and the Superior Court.

141.      On or about since Nov. 13, 2013 through Dec. 18, 2013 Jacobs has asked for

           Town of Weston moderator Tom Crane Esq. to speak at the public meetings

           and to have her requests on the public meeting agenda.

142.      Since Jacobs filed a complaint at the MCAD on Nov. 15, 2013, then the town of

           Weston has refused to allow Jacobs to attend any public meetings other than

           only part of a Sept. 3, 2014 Planning Board hearing regarding 33 Colchester Rd.

           and refused for any of her issues despite the town of Weston being sued

           repeatedly by her at any public meetings.

143.      Crane has said that Jacobs should be the selectman, or on the planning board,

           and that the District Attorney needs to be involved.

144.      **Upcoming Town Meeting and Town Election Dates follow:**

| Fall Special Town Meeting | Monday, December 1, 2014 | High School Auditorium and Gymnasium |
|---|---|---|
| Town Caucus | Monday, March 9, 2015 | Town Hall Auditorium |
| Budget Hearing | Monday, May 4, 2015 | Town Hall |
| Annual Town Election | Saturday, May 9, 2015 | Town Hall |
| Annual Town Meeting | Monday, May 11, 2015 | High School Auditorium and Gymnasium |
| Annual Town Meeting (2nd Night) | Wednesday, May 13, 2015 | High School Auditorium and Gymnasium |
| Annual Town Meeting (3rd Night) | Monday, May 18, 2015 | High School Auditorium and Gymnasium |

145.      Since December 10, 2013 Jacobs has not been allowed to attend any public

           meetings at the Town of Weston Town Hall but for part of one. in which she

           had to argue that given that she was the leader put forth by the Colchester Rd.

           neighborhood as the most sophisticated person on the road to fight the town

of Weston that given her standing in the community as the neighborhood appointed leader that she have the right to attend on behalf of herself as well as the legal rights of other legal abutters who chose her to be their spokeswoman.

146.    Jacobs had to fight to attend as the legal abutter of 33 Colchester Rd. and was only allowed to attend part of the meeting of Sept. 3, 2014 at which time she had been ordered not to talk, the town of Weston had a police officer who was threatening to arrest and

147.    Plaintiff has no adequate remedy at law because the damages and injuries that she has suffered and are suffering and will continue to suffer are not capable of definite and complete ascertainment.

148.    Unless this court grants the relief prayed for, the plaintiff will suffer serious and irreparable damage to her constitutional rights.   PRAYER

149.    Plaintiff requests that:

   A. The Court grant a temporary restraining order and preliminary and permanent injunctive orders, enjoining and restraining defendants from interfering with or enforcing any policy that interferes with plaintiff and other persons in the exercise of their First Amendment right to address the Boards of Weston during the public discussions/visitor recognition segment of Board meetings.

   B. That the time for the right to address the Boards of Weston during the public discussions/visitor recognition segment of Board meetings be

23

unlimited until such time as all residents are allowed to finish their statements.

C. Following the trial, the court grant a permanent injunction enjoining and restraining defendants from interfering with or enforcing any policy that interferes with plaintiff and other persons in the exercise of their First Amendment right to address the Board during the public discussions/visitor recognition segment of the Board meetings.

D. The Court grant a permanent injunction enjoining Kopelman and Paige, Donna VanderClock Town Manager, and the Selectmen from interfering with the valid lawful order of Marian Ryan Esq. office of Dec. 2, 2013 to apply for a criminal charge of a violation of M.G.L. c. 56 s. 8 against Tamilyn Levin.

E. The Court grant a permanent injuction enjoining Kopelman and Paige, P.C., Donna VanderClock Town Manager, and the Selectmen from interfering with the police investigations, and the applications for criminal charges by the Weston Police department.

F. The court grant a permanent injunction enjoining Kopelman and Paige PC. Town counsel, Donna VanderClock Town manager and the Selectmen from applying for criminal charges against Lisa Jacobs for filing police reports and complaints at MA state regulatory agencies.

G. For an order from this court for Justice Greg Flynn of the Waltham District Court to drop all criminal charges against Lisa Jacobs as First Justice Flynn

has agreed if he receives such an order then he will drop all criminal charges against Jacobs wherein he has argued that Jacobs committed no crimes and ordered for the Middlessex District Attorney to drop the criminal charges and Marian Ryan Esq. refused to do so.

H.  The Middlessex District Attorney to drop all criminal charges against Lisa Jacobs.

I.  A court order to Greg Flynn that he is allowed to drop the criminal charges against me.

J.  A court order for Town of Weston, Marian Ryan and Martha Coakley not to engage in malicious prosecutions.

K.  A court order for Town of Weston, Marian Ryan and Martha Coakley, and Commonwealth of MA not to be allowed not to do criminal prosecutions of public officials.

L.  For this court to convene the judges in order to do attorney misconduct discline of Kopelman and Paige P.C., Jacqueline Cowin, Marian Ryan and Martha Coakley.

M.  For this court to issue an order for the FBI to investigate and refer for criminal prosecution to Carmen Ortiz Jacqueline Cowin, Marian Ryan, Martha Coakley, the Town of Weston, etc.

N.  For allowance for Jacobs to apply for a criminal charge of a M.G.L. c. 56 s. 8 against Tamilyn Levin in this court.

O. For allowance to file applications for criminal complaints against the Marian Ryan, Martha Coakley, the Middlessex District Attorneys, Kopelman and Paige P.C. attorneys, etc. given the refusal of the Waltham District Court clerk to take the applications against them.

P. For damages including but not limited to attorneys' fees, medical bills for injuries suffered, etc.

Q. For a restraining order against Marian Ryan and Martha Coakley who have prevented Assistant District Attorneys who have wanted to do prosecutions on behalf of victim Jacobs from preventing them from doing so.

R. For a restraining order against Marian Ryan and Martha Coakley to prevent them from refusing for public officials of the Commonwealth of MA and employees of the Middlessex Superior Court house to be prosecuted on behalf of victim Jacobs despite the demand of the Woburn Police to do so.

S. For Jacobs to be allowed to bring in this higher court given the refusal of the Waltham District Court to bring private citizen complaints against individuals.

T. For the FBI Boston to be ordered to investigate the witness intimidation and prosecute the witness intimidation taking place of Jacobs.

U. For the FBI Boston to be ordered to refer for consideration to Carmen Ortiz for criminal prosecution Jacobs' issues.

V. For Carmen Ortiz to be ordered to prosecute and or in the alternative for Jacobs to be allowed to prosecute.

W. For any other relief that the court can allow for.

Respectfully submitted,

Lisa Jacobs Pro se

PO Box 488

Weston MA 02493

lisajacobs8@hotmail.com

Dated: 12/18/2014